

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2006

# Amato v. Atty Gen PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3011

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Amato v. Atty Gen PA" (2006). *2006 Decisions.* Paper 934.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/934

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 05-3011

GARY AMATO,

<u>Appellant</u>

v.

PENNSYLVANIA OFFICE OF ATTORNEY GENERAL;
PENNSYLVANIA OFFICE OF ATTORNEY GENERAL
INSURANCE FRAUD SECTION;
DAVID A. WAUGAMAN; MICHELLE KONDRAD

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-01782)
District Judge: Hon. Terrence F. McVerry

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 30, 2006

BEFORE: SMITH and COWEN, <u>Circuit Judges</u>,
and THOMPSON*, <u>District Judge</u>

(Filed: June 8, 2006 )

*Honorable Anne E. Thompson, Senior United States District Judge for the District of
New Jersey, sitting by designation.

OPINION

COWEN, Circuit Judge.

Gary Amato appeals the order of the district court granting Special Agent David Waugaman's motion to dismiss Amato's malicious prosecution action brought pursuant to 42 U.S.C. § 1983. We will affirm.

I.

The parties are familiar with the facts, which are only briefly recited. Amato had an automobile insurance policy with State Farm Mutual Automobile Insurance Company ("State Farm"). The policy provided, inter alia, first party benefits for wage loss and medical expenses for bodily injury arising out of the maintenance or use of a motor vehicle.

Agent Waugaman filed a criminal complaint and an affidavit of probable cause against Amato for insurance fraud and attempted theft by deception pursuant to 18 Pa. Cons. Stat. Ann. §§ 4117(a)(2) and 901(a). According to the affidavit of probable cause, Amato called 911 twice due to an altercation with Marci Casselhoff-Feinberg on April 8, 2002. Sergeant Michael Shirey responded to the scene and took statements about the incident from Casselhoff-Feinberg and Amato. Casselhoff-Feinberg told Sergeant Shirey that she and Amato were arguing inside his residence when she struck him on the forearm with a dog collar. Amato stated that he was going to call the police. Casselhoff-Feinberg

2

left the residence and got into her car. Amato tried to prevent her from leaving by holding her car door. When Amato released the car door, Casselhoff-Feinberg drove down the driveway. When she got to the end of the driveway she decided to stay so she could provide the police with her version of the incident. When asked whether she hit Amato with her car, she emphatically denied hitting him.

Amato provided Sergeant Shirey with a similar version of the altercation. He stated, however, that Casselhoff-Feinberg attempted to run him over with her car. When asked whether he was hit by the car, Amato responded, "No." Sergeant Shirey observed the red welt on Amato's arm from being hit with a dog collar. He did not observe any other injuries.

The affidavit of probable cause further states that Amato submitted a claim to State Farm, alleging that he was injured after being hit by an automobile. Amato also contacted the police department two days after the altercation, and stated that he was being treated at the hospital for a fractured hip and tail bone. Sergeant Shirey was surprised by Amato's injuries because Amato stated previously that he was not hit by the car. The 911 tapes were then reviewed by Sergeant Shirey and Agent Waugaman. Amato did not state in either call that he had been hit by the car. Furthermore, a review of Amato's medical records, including x-rays, did not reveal any fractures or dislocations.

After the criminal complaint and affidavit of probable cause were filed, an arrest warrant was issued. Amato turned himself in to the police. On November 20, 2002, a

3

preliminary hearing was held by Senior District Justice Frank Delbane. At the end of the hearing, District Justice Delbane dismissed the charges.

Amato then filed a malicious prosecution action with the district court. Agent Waugaman filed a motion to dismiss contending that probable cause to arrest existed and that he was entitled to qualified immunity. On May 10, 2005, the district court granted the motion to dismiss, finding that probable cause existed based on Amato's conflicting statements regarding whether he was hit and injured by Casselhoff-Feinberg's car. In the alternative, the district court held that Special Agent Waugaman was entitled to qualified immunity.

II.

The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We exercise appellate review pursuant to 28 U.S.C. § 1291. We have plenary review over a district court's grant of a motion to dismiss for failure to state a claim. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted only if, accepting as true the facts alleged and all reasonable inferences that can be drawn therefrom, there is no reasonable reading upon which the plaintiff may be entitled to relief. See Lum, 361 F.3d at 223.

4

The first issue to consider is whether Agent Waugaman had probable cause to file a criminal complaint for insurance fraud.[1]  A person commits insurance fraud if he or she "[k]nowingly and with the intent to defraud any insurer or self-insured, presents or causes to be presented to any insurer or self-insured any statement forming a part of, or in support of, a claim that contains any false, incomplete or misleading information concerning any fact or thing material to the claim."  18 PA. CONS. STAT. ANN. § 4117(a)(2).  Probable cause exists if the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to conclude that the suspect has committed, is committing, or was about to commit a crime.  See Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).

Agent Waugaman had probable cause to believe that Amato committed insurance fraud because of his inconsistent statements regarding whether he was hit by Casselhoff-Feinberg's car and the conflicting evidence regarding his injuries.  When Sergeant Shirey first arrived at the scene, Amato said he was not hit by the car.  This statement conflicts with his subsequent claim made two days later that he was hit by the car.  As to his injuries, there is no indication that he informed Sergeant Shirey of an injured tail bone and hip at the scene.  Two days later, Amato claimed that he fractured his hip and tail bone.  The x-rays did not support his claim.  Based on the information within Special

---

[1] An essential element of a malicious prosecution claim is that the "proceeding [be] initiated without probable cause."  Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).  Stated differently, if probable cause is established, a malicious prosecution claim fails as a matter of law.

Agent Waugaman's possession, a prudent person would reasonably believe that Amato made false statements material to his claim for first party benefits.

Amato contends that the district court misinterpreted the word "claim" in 18 Pa. Cons. Stat. Ann. § 4117(a)(2). He asserts that his alleged false statements are immaterial to the ultimate question of coverage for first party benefits because all he has to establish is an injury generated in connection with a motor vehicle. He argues that nothing in the affidavit suggests that his medical bills were generated in connection with an occurrence other than the incident with Casselhoff-Feinberg's vehicle. We disagree. To determine if an insured is entitled to benefits under the policy, an individualized inquiry must be conducted to determine if the specific facts and circumstances alleged provide for recovery. Amato's specific statements regarding the source and type of injuries sustained are material to his claim for first party benefits. The district court did not err by finding that Amato's contradictory statements regarding whether he was hit by the car and the conflicting evidence as to the type of injuries he sustained were material to his claim for first party benefits.

Amato further contends that Waugaman made a material omission in the affidavit of probable cause because he failed to include a differential diagnosis from an emergency room record. The differential diagnosis provided: "Fx L-spine, Fx pelvis, Fx coccyx, and [i]lian [c]rest Fx." (Appellant Br. at 9.) We disagree. Amato's x-rays revealed no fractures or dislocations, thus, the differential diagnosis was not a material omission.

6

Even if Agent Waugaman included the differential diagnosis in the affidavit of probable cause, Amato still made inconsistent statements about whether he was hit by Casselhoff-Feinberg's car. The inconsistent statements alone were sufficient to establish probable cause for insurance fraud.

For the foregoing reasons, the judgment of the District Court entered on May 10, 2005, will be affirmed.

_____